### DICKERSON *vs.* MORRISON.

According to the well established rules of pleading, if a declaration describe an instrument only according to its legal effect, verbal inaccuracy will not vitiate, if the instrument be correctly described as to its legal operation.

The words "the debt still remains wholly unpaid," distinctly negatives the idea of payment, and are sufficient, though the whole breach be not in the strict form of the most approved precedents.

THIS was an action of debt, determined in the Independence Circuit Court, at August term, A. D. 1843, before the Hon. THOMAS JOHNSON, one of the circuit judges. Dickerson, assignee of Thompson the payee, sued Morrison on a writing obligatory. The instrument and assignment are well set forth in the declaration according to their legal effect and operation. The statement of the pleadings is fully set forth in the opinion of the court.

*Wm. Byers,* for appellant.

*By the Court,* RINGO, C. J. The appellee appeared to the action, craved oyer of the writing obligatory sued on, and the assignment thereof, which was granted, and thereupon demurred to the declaration, and therein assigned specially as causes of demurrer, the following, viz: 1st, That there is a variance between the writing obligatory set forth in the declaration, and the one given on oyer. 2d, That there is a variance between the date of the assignment thereof, as stated in the declaration, and the date of the assignment thereof shown by the oyer, the former being the 16th day of April, 1872, and the latter the 16th day of April, 1842. 3d, That the declaration states the assignment as having been made by "William Thomson" and the oyer shows an assignment of the obligation by "Wm.

Dickerson *vs.* Morrison.

Thomson, adm'r. of Matt. Dickerson." 4th, That the breach assigned in the declaration is insufficient in this, that it does not negative the payment of the debt by Barnett, the co-obligor of the defendant in the writing obligatory sued on, either to Thomson, the obligee, before the assignment thereof, or to the plaintiff thereafter. The plaintiff joined in the demurrer, and the court on argument and consideration thereof, adjudged the declaration insufficient, and thereupon gave final judgment for the defendant in bar of the action; to reverse which the plaintiff has brought the case before this court by writ of error, and by the assignment of errors questions the correctness of the judgment pronounced on the demurrer to the declaration.

The first three causes of demurrer specially assigned, allege a variance between the obligation upon which the action is founded, and the assignment thereof to the plaintiff, as described in the declaration, and the obligation and assignment shown upon oyer, and may therefore well be considered together.

The declaration does not purport to set forth either the writing obligatory or the assignment thereof *in haec verba*, or according to their legal tenor, but simply according to their legal operation and effect, and therefore the plaintiff, according to the well established principles of pleading, will not be prejudiced by any verbal misdescription of the instrument, and the pleading must be adjudged good, if it states correctly the legal effect and operation of the instrument, constituting the foundation of the action. Upon a careful comparison of the writing obligatory and assignment thereof, as shown on oyer in this case, with the allegations descriptive thereof in the declaration, we do not perceive any material variance between them, and cannot conjecture in what particular a variance was supposed to exist. The parties to, as well as the dates and sum mentioned in, the writing obligatory, and the parties to the assignment thereof, all appear from the transcript before us to be well and truly set forth and described in the declaration. The demurrer, therefore, so far as it depends upon these grounds, is in our opinion not well taken.

The 4th objection is, that the breach assigned in the declaration is insufficient in not negativing the payment of the debt demanded, by Barnett, one of the co-obligors, who is alleged to have executed

the writing obligatory in question.   The breach, after expressly negativing the payment thereof by Morrison, to either the payee or assignee, concludes thus, "nor did the said Jeremiah Barnett in his life-time, pay the same in any manner howsoever, but the said writing obligatory still remains wholly unpaid, to the damage, &c."   Can these allegations be true, and the debt *in fact have been paid*, either by Barnett in his life-time, or his legal representatives since his death, either to the payee or his assignee?   We think not.   For the allegation that the debt "still remains wholly unpaid," certainly and distinctly negatives the idea that it had been paid by either party, and therefore it is sufficient, notwithstanding the language used by the pleader is not in every respect the same as that found in the assignment of the breach in the most approved precedents in similar cases. The declaration is therefore, in our opinion, in *every respect* sufficient in law, to entitle the plaintiff to maintain the action against the defendant, and the demurrer thereto ought to have been overruled. The judgment therefore is erroneous, and must be reversed with costs, and the case be remanded with instructions to overrule the demurrer, and for such other proceedings to be had as may be agreeable to law, and not inconsistent with this opinion.